**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SHALINI SHARMA,**<br>Plaintiff**,**<br>vs.<br>**ARS ALEUT CONSTRUCTION, LLC, ET AL.,**<br>Defendants. | CASE NO. 4-21-cv-4004-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 16 |

Plaintiff Shalini Sharma brings this action against defendants ARS Aleut Construction, LLC ("ARS") and AMECO (collectively, defendants) based on injuries plaintiff suffered while operating construction equipment at work. (Dkt. No. 15) ("Compl."). Plaintiff asserts four causes of actions based on the alleged injuries: (1) negligence-products liability; (2) strict liability-products liability; (3) breach of express and implied warranty; and (4) negligence.

Now before the Court is ARS' motion to dismiss plaintiff's second and third causes of actions, and a motion to strike plaintiff's request for attorney fees and punitive damages. The Court determined that this matter was suitable for resolution on the papers and vacated oral argument on the issues.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court **GRANTS** the motion to dismiss.

**I.    BACKGROUND**

The complaint alleges the following:

In August 2020, plaintiff was performing work as a heavy equipment operator when she was injured by a defective motor grader. While operating the grader, the door of the equipment snapped out of place and hit plaintiff violently in the head, smashing glass into her ear and causing her to fall to the ground. Plaintiff sustained serious injuries from the incident.

## II.   ANALYSIS

Defendant moves to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(f).[1]

### A.   Strict Liability-Products Liability

A "manufacturer is strictly liable in tort when an article he places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being." *Anderson v. Owens-Corning Fiberglass Corp.*, 53 Cal.3d 987, 944 (1991) (citations omitted). The purpose of strict liability is to ensure that the costs of injuries flowing from defective products are borne by those responsible for placing the product on the market. *Greeman v. Yuba Power Prods, Inc.*, 59 Cal.2d 57, 63 (1963).

Under California law, products strict liability also extends to distributors, retailers, and those who play "an integral part of the overall producing and marketing enterprise of products placed on the market*.*" *O'Neil v. Crane Co.*, 53 Cal.4th 335, 342 (2012); *see Vandermark v. Ford Motor Co.*, 61 Cal.2d 256, 262 (1964). Generally, the imposition of strict liability hinges on whether the party was responsible for placing the product into the stream of commerce. *See Hernandezvueva v. E.F. Brady Co.*, Inc., 243 Cal. App. 4th 249, 258 (2015). Strict liability, however, is not limitless. As such, California does not extend strict liability to those who are engaged in the business of providing or performing services, rather than selling products. *See Murphy v. E.R. Squibb & Sons, Inc.*, 40 Cal.3d 672, 677 (1985).

Here, the complaint alleges that ARS is a "corporation that operates in California by providing or overseeing construction services," and that defendant AMECO is a "South Carolina corporation that manufactured and sold and/or leased equipment that appeared to be a CAT (the "Equipment") that was defective and injured plaintiff." (Compl. ¶ 2.) The complaint then goes on to allege that the DOE defendants "manufactured the equipment used by plaintiff. . . and/or leased or provided that equipment to ARS," that the equipment "was provided by defendant AMECO and/or DOE 2 to ARS at the request of ARS," "DOE 2 and ARS and/or AMECO worked together to manufacturer the equipment," and that ARS, AMECO, and/or DOE 2 "engaged in a conspiracy

---

[1] The parties do not dispute the legal standards governing the motion.

to provide the equipment in a faulty deceptive manner." (*Id.* ¶¶ 3, 5.) The complaint further characterizes defendants' roles as being "integral to the business enterprise such that the defendants' conduct was a necessary factor in bringing the product to the user," that the "defendants had control over, or a substantial ability to influence, the manufacturing or distributing process," and that the "equipment was manufactured by all defendants." (Compl. ¶¶ 6, 16.)

Plaintiff argues that these allegations are sufficient to state a claim for strict liability against ARS. The Court disagrees. Plaintiff has not alleged sufficient facts to show that ARS is a manufacturer, distributor, or an entity that was integral in bringing the motor grader to market. There are no allegations pertaining to ARS' specific role in the manufacturing or distributing process. For instance, the complaint does allege facts showing what, if any, decision-making processes ARS participated in, and what components, if any, ARS contributed to the motor grader.

Instead, plaintiff relies on conclusory statements, which seem to contradict other statements in the complaint, to allege the strict liability claim against ARS. For instance, plaintiff alleges that ARS "provid[es] and oversee[s] construction services," and that the "DOE defendants. . . manufactured the equipment. . . and/or leased or *provided* that equipment to ARS." These statements contradict plaintiff's allegations that ARS had a more integral role in bringing the motor grader to market. While the Court is required to assume plaintiff's allegations are true, the Court may disregard statements that are contradictory and implausible. *See In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008).

Given the current allegations, the Court finds that the complaint does not sufficiently allege that ARS is a manufacturer or distributor of the motor grader. Thus, the Court **GRANTS** the motion to dismiss plaintiff's strict liability claim as to ARS **WITH LEAVE TO AMEND**.

**B.      Express and Implied Warranty**

To properly plead an express warranty claim, a plaintiff must allege the exact terms of the warranty. *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1092 (N.D. Cal. 2017). Defendant moves to dismiss plaintiff's express and implied warranty claims, arguing that plaintiff did not allege the exact terms of the warranty. Plaintiff admits that her complaint lacks "specific

3

allegations regarding defendants' express representations of the safety of the motor grade" because they "were inadvertently removed." (Opp. at 6).  Thus, the Court dismisses plaintiff's cause of action for breach of express warranty.

Similarly, the Court dismisses plaintiff's breach of implied warranty cause of action. Under California law, a plaintiff must allege privity between the plaintiff and the defendant to state a claim for breach of the implied warranty.  *Blanco v. Baxter Healthcare Corp*., 158 Cal. App. 4th 1039, 1058 (2008).  Here, plaintiff does not sufficiently allege that privity exists between her and ARS.  Plaintiff cites to *Peterson v. Lamb Rubber 20 Co.*, 54 Cal.2d 339, 347-348 (1960) to argue that privity exists between her and ARS.  However, *Peterson* only found privity between the employee and the manufacturer.  *Id.* at 347.  The Court has already found that plaintiff failed to sufficiently allege that ARS manufactured the motor grade.  Thus, the Court Grants the motion as to plaintiff's breach of implied warranty claim.

Accordingly, the Court **GRANTS** the motion to dismiss plaintiff's breach of express and implied warranty claims **WITH LEAVE TO AMEND.**

### C. Attorney Fees and Punitive Damages

During the case management conference on August 20, 2021, plaintiff agreed that both her request for punitive damages and attorney fees should be stricken as to defendant ARS.  Thus, the Court **STRIKES** these prayers for relief with respect to ARS.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to **DISMISS WITH LEAVE TO AMEND.**  Plaintiff shall file an amended complaint within fourteen days (14) from the date of this Order.  ARS shall respond to the amended complaint within twenty-one (21) days from the date of plaintiff's filing.

**IT IS SO ORDERED.**

Dated: October 5, 2021

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE